**Melissa BURSON, Appellant,**

v.

**The STATE Of Texas, Appellee.**

**No. 12–06–00101–CR.**

Court of Appeals of Texas, Tyler.

Aug. 31, 2006.

---

William R. Pemberton, for appellant.

David Cervantes, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

### *OPINION*

BILL BASS, Justice.

This is an appeal from an amended order on an application for writ of habeas corpus related to pretrial bail. The trial court reduced the amount of bail required of Appellant Melissa Burson and imposed terms and conditions of bail governing Appellant's possession of and contact with her children. Appellant brings three issues challenging the trial court's authority to require certain conditions of bail related to her visitation with and possession of her three children, Lillian, Harper, and Isabella. We modify the trial court's order, and as modified, affirm.

### *BACKGROUND*

Appellant is charged with endangering a child. *See* TEX. PEN.CODE ANN. § 22.041 (Vernon Supp.2006). Her live in boyfriend, Jeremy Hyde, is charged with injury to a child. *See* TEX. PEN.CODE ANN. § 22.04 (Vernon Supp.2006).

Appellant lived with her boyfriend, Jeremy Hyde, and her three children in Crock-

ett, Texas. Appellant took Isabella to the hospital emergency room where she was observed to have a black eye and severe bruising and swelling on the right side of her face and behind her right ear, injuries consistent with her being struck in the face by a left handed person. Jeremy is left handed. Appellant said that Isabella's injuries occurred when she fell out of bed and hit her Barbie Kitchen. Later she gave another statement in which she said that her daughter Lillian had told her that her baby sister was hurt when Jeremy pushed her and she bumped her head. At day care, Lillian told her teacher that "Jeremy kicked and hurt Izzie."

At the time the complaints were filed against Appellant and Jeremy, Isabella was believed to need treatment to realign her right jaw bone and an operation to regain sight in her right eye.

At the hearing on Appellant's application for habeas corpus, the trial court reduced the amount of bail required of Appellant to $10,000 and imposed the following conditions that Appellant challenges:

5. Defendant's visitation with Isabella Burson will be pursuant to the terms of the Protective Order in Cause No. 05–0029, styled *"John P. Goss, Jr. v. Jeremy Hyde and Melissa Burson,"* in the Third Judicial District Court of Houston County, Texas.

6. Visitation between Defendant and Lillian Burson will be under the supervision and in the presence of Jeanne Beard [Appellant's mother] and Jacob Rollo.

7. Visitation between Defendant and Harper Burson will be under the supervision and in the presence of Jeanne Beard at times agreed to by Jeanne Beard and Georgianna Hyde.

## BAIL CONDITIONS

In her first two issues, Appellant contends that the trial court had no authority to require that her visits with Lillian and Harper be supervised. In her third issue, she argues that the trial court erred in not limiting the condition requiring supervision of her visits with Isabella to a term of ninety days.

### Applicable Law

■ "[T]he course of the common law in England and the development of the common law and statutory law in the United States demonstrate that the courts have the inherent power to place restrictive conditions upon the granting of bail." *Estrada v. State,* 594 S.W.2d 445, 446 (Tex.Crim. App.1980) (quoting *United States v. Smith,* 444 F.2d 61 (8th Cir.1971)); *see also Dallas v. State,* 983 S.W.2d 276, 279 (Tex. Crim.App.1998). To secure a defendant's appearance at trial, a magistrate may impose any reasonable condition of bond related to the safety of the victim of the alleged offense or to the safety of the community. TEX.CODE CRIM. PROC. ANN. § 17.40(a) (Vernon 2005). Section 17.40(a) is confusing in that it can be read to require that conditions for pretrial bail must relate to all three criteria—reasonableness, securing the defendant's appearance at trial, and protecting the safety of others. *See Ex parte Anderer,* 61 S.W.3d 398, 401–02 (Tex.Crim.App.2001). *Anderer* suggests that a condition required for the protection of the victim or the community must also be related to securing the defendant's trial appearance. However, conditions related to the safety of others are not always related to insuring the defendant's appearance at trial. The issue in *Anderer* was the reasonableness of a bail condition pending appeal, not a pretrial bail condition. The *Anderer* court held that only a reasonableness standard applied to a condition of bail pending appeal.

Appellant had been convicted of killing a person by driving his commercial vehicle with criminal negligence. The court held that a condition that he not operate a vehicle while free on bail pending appeal had the legitimate purpose of protecting the public safety. Therefore, the condition was not unreasonable even though it prevented him from engaging in his customary business. *Anderer*, 61 S.W.3d at 406.

*Anderer* did not address whether, under section 17.40(a), a condition might be required that is solely related to the safety of the victim or the community. We believe that section 17.40(a) should be interpreted as "authorizing conditions that are reasonably related to securing the accused's presence at trial, the safety of the victim, *or* the safety of the community." *See* 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 16.76 (2d ed.2001) (emphasis added). In *Pharris v. State*, the court of criminal appeals noted that several statutory provisions allowed the trial court to impose reasonable conditions of bail, "both to insure a defendant's appearance for trial *and* to protect the community." *Pharris v. State*, 165 S.W.3d 681, 689 n. 19 (Tex. Crim.App.2005) (emphasis added). The opinion specifically noted that section 17.40 allowed the magistrate to impose any reasonable condition of bond related "to the safety of the community." *Id.*

Decisions antedating the enactment of section 17.40 held that it was not necessary that a pretrial bond condition relate directly to securing the defendant's presence at trial. *See Ex parte Elliott*, 950 S.W.2d 714, 716 (Tex.App.-Fort Worth, pet. ref'd). The condition is sufficient if it indirectly increases the likelihood that the defendant will appear. *Id.* In another case, the defendant had been convicted of aggravated assault, and the trial court required, as a condition of bail, that the defendant stay away from and not communicate with the victim. On appeal, the condition was held to be reasonable, because "it was rationally related to the purpose of assuring that the defendant commit no further acts of violence, which in turn increased the likelihood that he would appear in court when ordered." *Rodriguez v. State*, 744 S.W.2d 361, 363–64 (Tex.App.-Corpus Christi 1988, no pet.).

■ If the defendant has been charged with an assaultive offense or sexual offense against a child twelve years of age or younger, the magistrate may require as a condition of bond that the defendant not communicate directly with the alleged victim or go near any location frequented by the alleged victim. TEX.CODE CRIM. PROC. ANN. § 17.41(a), (b) (Vernon 2005). The magistrate may, however, grant the defendant supervised access to the alleged victim. TEX.CODE CRIM. PROC. ANN. § 17.41(c) (Vernon 2005). To the extent that a condition "conflicts with an existing court order granting possession of or access to a child, the condition imposed under this article prevails for a period specified by the magistrate, not to exceed 90 days." TEX.CODE CRIM. PROC. ANN. § 17.41(d) (Vernon 2005). The conditions imposed may not impinge unreasonably upon rights guaranteed under the United States or the Texas constitutions. *Estrada*, 594 S.W.2d at 446.

### Discussion

■ Appellant argues that the conditions of bond relating to Lillian and Harper are unreasonable, because they do not increase the likelihood that she will appear at trial and they are not related to the safety of the alleged victim, Isabella, or the community.

We disagree. Lillian and Harper are very young members of the community. At the time of the alleged offense, they were living with Appellant and a man accused of seriously injuring their baby sis-

ter. The record does not prove but certainly suggests that initially Appellant gave a false explanation of the cause of Isabella's injuries in order to protect the man who injured her child. Lillian and Harper are two of the most directly affected and vulnerable members of the community. Given these circumstances, it was reasonable and the trial court was authorized under section 17.40(a) to require restrictions on Appellant's possession of and visitation with Lillian and Harper.

Moreover, by restricting her possession of Lillian and Harper to visitation supervised by Appellant's mother, at times and places agreed upon by Appellant's mother and the other named relatives, the condition helps insure Appellant's continued presence in the community and her appearance at trial. Appellant's two issues related to Lillian and Harper are overruled.

■ Appellant also contends that the condition of bond restricting access to and possession of the alleged victim, Isabella Burson, conflicts with an existing court order granting possession of or access to Isabella in Cause No. 05–CCL–109, styled "In the Interest of Isabella Ava Lou Burson, a child," in the County Court at Law of Houston County, Texas. Article 17.41(d) of the Texas Code of Criminal Procedure specifies that such a condition restricting access to a child victim "prevails for a period specified by the magistrate, not to exceed ninety days." TEX. CODE CRIM. PROC. ANN. art. 17.41(d). Since the trial court did not limit the condition regarding Isabella to ninety days, Appellant argues it is violative of the specific code provision applicable to a child victim and should be removed.

The limitation of a condition of bond restricting access to the child victim to ninety days when it conflicts with an existing court order granting possession of or access to the child is inconsistent with the general grant of authority under the preceding Article 17.40(a) to "impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community." TEX. CODE CRIM. PROC. ANN. art. 17.40(a). Article 17.40(a) provides for no time limitation on the conditions required. *See id.* As written, the Code appears to provide the magistrate more authority to protect members of the community at large than the child victim. Nevertheless, we believe our decision must be governed by the specific code provision applicable to child victims twelve years of age or younger. We are therefore compelled to hold that condition number five of the trial court's order transgresses the specific limitation provided in Article 17.41(d) and should be deleted. Appellant's issue relating to Isabella is sustained.

### DISPOSITION

The trial court's Amended Order on Application for Writ of Habeas Corpus is *modified* to delete condition number five. In all other respects, the order is *affirmed.*