**EX PARTE Bonnie ALLEN–PIERONI**

**No. 10–15–00431–CR**

Court of Appeals of Texas, Waco.

Opinion Delivered and Filed February 24, 2016

Justin Sparks, Sparks Law Firm, PC, Fort Worth, TX, for Appellant/Relator.

Dale S. Hanna, District Attorney, David W. Vernon, Assistant District Attorney, Cleburne, TX, for Appellee(s)/Respondent.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

REX D. DAVIS, Justice

Appellant Bonnie Allen–Pieroni (Bonnie) appeals the trial court's denial of her petition for writ of habeas corpus to amend bond conditions. In her petition, Bonnie challenged the trial court's imposition of bond conditions requiring that she be subject to electronic monitoring and to home confinement. After an evidentiary hearing, the trial court denied relief.

Asserting seven issues, Bonnie complains that the trial court abused its discretion by imposing the bond conditions and that the home-confinement condition unreasonably infringes on several constitutional rights.

### Background

Bonnie was arrested for the offenses of possession of a weapon in a prohibited

place, a third-degree felony, and evading arrest, a Class A misdemeanor, each arising out of the same incident of her allegedly carrying a pistol in her purse while going through the metal detector at the Johnson County courthouse. Despite allegedly attempting to flee when the pistol was noticed, she was immediately arrested and taken to the Johnson County Jail and held without bond until a psychological evaluation of her was done. The results of the evaluation showed that Bonnie did not represent a threat to herself or others.

After receiving the results of the psychological evaluation, the trial court set bail at $5,000 on the weapon charge and at $1,500 on the evading-arrest charge; it further imposed bond conditions that Bonnie not be released until an electronic-monitoring device was attached to her ankle and that she be confined to her home at all times. Another condition, which Bonnie does not challenge, is that she not have any weapons.

In her habeas petition and supporting brief, Bonnie asserted that the bond conditions of home confinement and electronic monitoring were unreasonable and oppressive and violated her statutory and constitutional rights. She requested that the bond conditions be deleted altogether or, alternatively, that the trial court amend the bond conditions to allow her to travel to her attorney's office as needed to prepare her defense, to work as a real-estate agent, to attend church services, and to leave her home when in the company of her husband, a former peace officer.

At the evidentiary hearing on her habeas petition, Bonnie presented several witnesses from all aspects of her life: her family, her church, her employment, her friends, and her neighbor. Collectively, these witnesses testified that Bonnie is not a flight risk and that she is not a threat to others. She also presented evidence that

the trial court has not imposed the bond conditions of electronic monitoring and home confinement on any other defendant in those cases currently on the court's docket, including those involving serious, violent offenses. The trial court even stated on the record that it has imposed this condition less than five times in seventeen years. An employee from the company responsible for installing and monitoring the GPS monitor on Bonnie testified that electronic monitoring coupled with "24/7" house arrest is typically reserved for individuals charged with serious offenses like murder or sexual assault. The State did not present any witnesses or exhibits.

At the conclusion of the hearing, Bonnie argued for the removal of the bond conditions of electronic monitoring and home confinement or, alternatively, that the electronic monitoring remain a condition but that she be placed on a curfew. In denying relief, the trial court stated that Bonnie was in an ongoing custody dispute with her ex-husband and father to her three minor children in the same trial court. The trial court referred to a prior incident in which Bonnie allegedly exhibited a gun to her ex-husband while picking up her children from him and a subsequent order from the trial court for both parents to turn over to their attorneys any weapons that each parent may have. The trial court explained that its decision to order these bond conditions and to not grant habeas relief was based on these events.

### Standard of Review and Applicable Law

The primary purpose of pretrial bail is to secure the defendant's attendance at trial, and the power to require bail, including the power to set conditions to bail, should not be used as an instrument of oppression. *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex.App.—San Antonio

2008, no pet.) (citing *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex.Crim.App. [Panel Op.] 1980)). Article 17.15 of the Code of Criminal Procedure provides a framework for setting a defendant's bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15 (West 2015).

■ Factors to be considered in applying the above framework include the possible length of sentence for the alleged offense; the nature and any aggravating factors of the offense; the applicant's employment record, family and community ties, and length of residence in the jurisdiction; the applicant's conformity with previous bond conditions; and the applicant's prior criminal record. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981)); *Anunobi*, 278 S.W.3d at 427.

■ To secure a defendant's attendance at trial, a magistrate may impose any reasonable bond condition related to the safety of a victim of the alleged offense or to the safety of the community. TEX. CODE CRIM. PROC. ANN. art. 17.40(a) (West 2015). One such statutorily permitted condition is "home confinement and electronic monitoring." *Id.* art. 17.44 (West 2015). Bond conditions, however, must not unreason-ably impinge on an individual's constitutional rights. *Ex parte Anderer*, 61 S.W.3d 398, 402 (Tex.Crim.App.2001). Therefore, courts must be mindful that one of the purposes of release on bail pending trial is to prevent the infliction of punishment before conviction. *Id.* at 405. "The trial court's discretion to set the conditions of bail is not ... unlimited. A condition of pretrial bail is judged by three criteria: it must be reasonable; it must be to secure the defendant's presence at trial; and it must be related to the safety of the alleged victim or the community." *Anunobi*, 278 S.W.3d at 427 (citing *Anderer*, 61 S.W.3d at 401–02).

■ We review a trial court's imposition of bond conditions for an abuse of discretion. *Id.* at 428 (citing *Rubac*, 611 S.W.2d at 850). The appellant bears the burden of showing that the trial court abused its discretion in imposing the specific condition. *Id.* (citing *Rubac*, 611 S.W.2d at 849). "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the same factors it used in ruling on bail in the first instance." *Id.*

## Analysis

Bonnie has no criminal record; she is employed, has minor children, and has longtime and strong ties to the community. Except for possibly the charge of evading arrest, nothing in the record shows that she is a flight risk. Neither charged offense involved violence or threats of violence. *Cf. Ex parte Herrera*, No. 05–14–00598–CR, 2014 WL 4207153, at *7 (Tex. App.—Dallas Aug. 26, 2014, no pet.) (mem. op., not designated for publication) ("Appellant cites no authority suggesting that imposing conditions of home confinement and electronic monitoring on an unemployed individual accused of multiple sexual offenses against children is unreason-

able, excessive, or oppressive. Under the circumstances presented, we conclude appellant has not shown the trial court abused its discretion."); *Anunobi*, 278 S.W.3d at 429 (finding no abuse of discretion for re-imposing home confinement for defendant accused of theft by fraud who allegedly committed same offense again while awaiting trial).

In explaining his denial of Bonnie's request for habeas relief on the bond conditions, the trial court recounted his experience with Bonnie in her contentious child-custody proceeding with her ex-husband, beginning with the trial court's viewing of a video of the incident where Bonnie exhibited a gun to her ex-husband while picking up her children.[1] The trial court then stated:

> Because of that concern I asked her under oath if she had any weapons and she said yes, she had one. This was August 28th. I ordered that that weapon and any other weapon she may have, any other guns she may have, be turned over to her attorney and that her attorney file an affidavit stating that the gun had been turned over to him. He filed that affidavit stating that her only gun had been turned over to him.[2] I did the same thing for Mr. Pieroni as well. And then it wasn't two months—less than two months later that allegedly Ms. Pieroni—excuse me, Ms. Thomas allegedly came into the courthouse allegedly with a gun in her purse and then alleg-

edly tried to run when she was called on it and was allegedly caught outside the courthouse. That is grave concern to me if that is accurate.

. . . .

I'm singling out the alleged conduct in this case that concerns me gravely. Now if and when this issue is appealed to the Tenth Court of Appeals and the Tenth Court of Appeals saying, Judge Neill, you overreact, we're going to remove this bond condition, I'll remove it, but until that time it's going to stay in place.

 We repeat that courts must be mindful that one of the purposes of *release* on bail pending trial is to prevent the infliction of punishment before conviction. *Anderer*, 61 S.W.3d at 405. And the power to require bail, including the power to set conditions to bail, should not be used oppressively. *Anunobi*, 278 S.W.3d at 427 (citing *Ivey*, 594 S.W.2d at 99). Finally, a "trial court's discretion to set the conditions of bail is not . . . unlimited." *Id.* We understand and share the trial court's concern with the combination of guns and a contentious child-custody proceeding. And while we further understand the trial court's frustration with Bonnie's alleged (and thus far unexplained) possession of a gun after ordering the surrender of guns by both parents, that potentially contemptuous conduct should be addressed in the child-custody proceeding, not by an assessment of the most extreme bond condition of home confinement.

---

1. It appears that Bonnie's ex-husband videotaped this incident where Bonnie exhibited a gun to him, and the trial court judge in this bail proceeding subsequently took over the child-custody proceeding and viewed that video.

2. Bonnie complains that the trial court improperly took judicial notice of events in the allegedly "unrelated" child-custody proceeding. Because of the order for the parents to surrender their guns, we disagree that those

events are unrelated. Also, the rules of evidence do not apply in habeas proceedings to reduce bail. *See* Tex.R. Evid. 101(e)(3)(C); *Montalvo v. State*, 315 S.W.3d 588, 590 n. 2 (Tex.App.—Houston [1st Dist.] 2010, no pet.); *Garcia v. State*, 775 S.W.2d 879, 880 (Tex. App.—San Antonio 1989, no pet.). Because of our disposition that grants Bonnie her requested alternative relief, we need not further address this issue.

## Conclusion

Accordingly, after our review of the record under the applicable law set out above, we hold the trial court abused its discretion by denying habeas relief on the home-confinement bond condition. We therefore sustain Bonnie's first issue.[3] We reverse in part the trial court's order denying habeas relief and delete the home-confinement condition. *See Burson v. State*, 202 S.W.3d 423, 427 (Tex.App.—Tyler 2006, no pet.). We otherwise affirm the trial court's imposition of electronic monitoring.

In their briefing and at oral argument, both Bonnie and the State have alternatively suggested that a reasonable bond condition in place of the home-confinement condition would be the imposition of home curfew. Cf. TEX.CODE CRIM. PROC. ANN. art. 17.43(a) (West 2015) ("A magistrate may require as a condition of release on personal bond that the defendant submit to home curfew and electronic monitoring under the supervision of an agency designated by the magistrate."). We agree, and we further agree with Bonnie's suggestion of a home curfew "from the hours of 8 p.m. to 8 a.m. each day." Therefore, we modify the trial court's bond-conditions order and impose on Bonnie a home curfew from the hours of 8 p.m. to 8 a.m. each day. This

---

3. Because of our disposition of issue one and modification of the bond conditions, we need not address the rest of Bonnie's issues concerning infringement of her constitutional rights.

* (Chief Justice Gray concurs in part and dissents in part. A separate opinion will not follow. He notes that he concurs in the determination that the condition of bail for home confinement 24 hours a day 7 days a week is an abuse of discretion. He further notes the Court has not addressed a number of issues that are relevant and material to the disposition if the Court is going to determine the extent of confinement as part of the conditions for bail. Accordingly, he dissents and would remand the proceeding to the trial

---

case is remanded to the trial court for further proceedings as may be necessary.

(Chief Justice Gray concurs and dissents with a note.)*

---

court with instructions to set aside the condition of 24/7 home confinement and expressly authorize the trial court to impose such other conditions, if any, as determined appropriate under the circumstances. Further, he would not set a time for home curfew or limit the nature of the permitted trips away from her home but would allow the trial court, in the first instance, to determine such restrictions. Thereafter, the Appellant could pursue a new direct appeal of the conditions of bail imposed upon her as she contends may violate her rights as she has done in this appeal but which have not been otherwise addressed by the Court.)