

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00192-CR

## EX PARTE HEATHER MICHELE BOND

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2017-800-C1**

## MEMORANDUM OPINION

Appellant Heather Michele Bond (Heather) appeals the trial court's denial of her petition for writ of habeas corpus challenging the imposition of a bond condition requiring supervised visitation with her children. Heather presents two issues: (1) whether the elements of article 17.40 of the Code of Criminal Procedure should be read conjunctively; and (2) if the answer to issue number one is "yes," whether the elements required to impose the bond condition exist—specifically, that the condition acts to secure Heather's attendance at trial, that the condition protects the safety of the victim and/or the community, and that the condition is reasonable. We affirm.

Heather has been charged by indictment with child endangerment. The indictment alleges that she allowed her husband, Preston Bond, stepfather to her two children, to continue to live in her home and have access to her youngest child, R.L., after Heather knew that her oldest child, F.L., had made an outcry of sexual abuse against Preston. After a bond hearing, the trial court imposed a $3,000 bond and set the following conditions of release:

> The Defendant shall not directly or indirectly communicate with or attempt to communicate with the alleged victim of the offense, or go within visual sight of the residence, school, church, or place of employment of the alleged victim EXCEPT UNDER THE DIRECT SUPERVISION OF CHILD PROTECTIVE SERVICES OR A PERSON APPROVED BY CHILD PROTECTIVE SERVICES.

> The Defendant shall not directly or indirectly communicate with or attempt to communicate with the individual or individuals who may be witnesses or potential witnesses in the trial of this case, or go within sight of their residences, schools, churches, or places of employment; EXCEPT UNDER THE DIRECT SUPERVISION OF CHILD PROTECTIVE SERVICES OR A PERSON APPROVED BY CHILD PROTECTIVE SERVICES.

The children were removed from Heather's custody and placed with their father in Dallas, but Child Protective Services took no further action.

Heather filed a motion to modify the bond conditions so that the children could reside with her rather than with their father. Heather had been appointed sole managing conservator of the children in their divorce decree. After an evidentiary hearing, the trial court modified the bond conditions to allow Heather to have supervised contact with the children with a chaperone approved by the State rather than by CPS.

Heather's habeas application followed, which the trial court denied after an evidentiary hearing. The sole witness at the hearing was Detective Derek Thiele, who investigated the case against Preston. He testified that Preston was arrested for molesting his stepdaughters and that Heather's charges stem from allowing Preston to have access to R.L. after she knew that he had molested F.L. Thiele also testified that text messages between Heather and F.L. reflected Heather's attempts to manipulate F.L.'s testimony about the abuse and about Preston's attempts to contact her. Thiele further testified that victims of abuse, such as F.L. and R.L., are in danger of being manipulated to recant their testimony. Thiele admitted on cross-examination that, other than failing to protect her children from Preston's abuse, he knew of no other danger presented to the children by Heather. Thiele also testified that both children said that they loved their mother and that they thought she was innocent.

We review a trial court's imposition of bond conditions for an abuse of discretion. *Ex parte Anunobi*, 278 S.W.3d 425, 428 (Tex. App.—San Antonio 2008, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981)). The appellant bears the burden of showing that the trial court abused its discretion in imposing the specific condition. *Id.* (citing *Rubac*, 611 S.W.2d at 849). "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the same factors it used in ruling on bail in the first instance." *Id*.

Article 17.40(a) provides: "To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community." TEX. CODE CRIM. PROC. ANN. art. 17.40(a) (West 2015). Although some authority suggests that this statute requires that conditions of pretrial bail relate to all three criteria—reasonableness, securing the defendant's appearance at trial, *and* protecting the safety of others, article 17.40(a) authorizes the imposition of bond conditions "that are reasonably related to securing the accused's presence at trial, the safety of the victim, *or* the safety of the community." *Burson v. State*, 202 S.W.3d 423, 426 (Tex. App.—Tyler 2006, no pet.) (quoting 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 16.76 (2d ed. 2001)). In *Pharris v. State*, the court of criminal appeals noted that several statutory provisions allowed the trial court to impose reasonable conditions of bail, "both to insure a defendant's appearance for trial *and* to protect the community." 165 S.W.3d 681, 689 n.19 (Tex. Crim. App. 2005) (emphasis added). The *Pharris* court specifically noted that article 17.40 allowed the magistrate to impose any reasonable condition of bond related "to the safety of the community." *Id.*; *see also Ex parte Hunt*, No. 05-15-01312-CR, 2016 WL 379638, at *2-3 (Tex. App.—Dallas Feb. 1, 2016, no pet.) (mem. op., not designated for publication) ("The trial court may . . . consider the safety of the community in setting reasonable conditions of pretrial release."). Child witnesses constitute members of the community. *See Burson*, 202 S.W.3d at 427; *see also Hunt*, 2016 WL 379638,

at *3. Because supervised visitation works to protect F.L. and R.L., who are members of the community, the trial court did not abuse its discretion in making it a condition of Heather's bond.

The *Anderer* case relied upon by Heather is distinguishable as it involves an application for bond pending appeal, not an application for bond pending trial. *See Ex parte Anderer*, 61 S.W.3d 398, 398 (Tex. Crim. App. 2001). *Anderer* also does not specifically address whether a bond condition might be required under article 17.40(a) that relates solely to the safety of the victim or the community. *Burson*, 202 S.W.3d at 426; *see Anderer*, 61 S.W.3d at 399. A previous case from this Court also does not conflict with the *Burson* court's analysis because a different issue is involved. *See Ex parte Allen-Pieroni*, 524 S.W.3d 252, 256 (Tex. App.—Waco 2016, no pet.) (holding that trial court abused its discretion by denying habeas relief on "the most extreme bond condition of home confinement.").

Even if all the criteria of article 17.40 are considered, Heather still has not established that the trial court's requirement of supervised visitation with her children is an abuse of discretion. The evidence, when viewed in the light most favorable to the trial court's ruling, establishes that Heather failed to keep her children safe from Preston and attempted to manipulate F.L.'s testimony. The condition protects both R.L. and F.L., who are victims, witnesses, and members of the community, and will also help insure Heather's appearance at trial. *See Burson*, 202 S.W.3d at 427 ("[T]he condition helps insure

Appellant's continued presence in the community and her appearance at trial."); *see also Hunt*, 2016 WL 379638, at *3 ("Protecting the children from the possibility of additional criminal acts not only protects the community, but it also helps secure appellant's attendance at trial.").

Under the circumstances presented, we cannot conclude that the trial court abused its discretion in setting as a condition of bond that Heather have only supervised contact with her children.

We affirm the trial court's order denying relief on Heather's application for pretrial writ of habeas corpus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray dissents.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed December 20, 2017
Do not publish
[OT06]

