

# NUMBER 13-20-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE GUY CONNOR WILLIAMS

On appeal from the County Court at Law No. 1
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Guy Connor Williams appeals the trial court's denial of his application for pretrial writ of habeas corpus. By one issue, appellant argues that the trial court abused its discretion when it ordered pretrial bond conditions on a misdemeanor case without evidence that he is a flight risk or danger to the community. We affirm.

### I.   BACKGROUND

Appellant was arrested May 18, 2020, for criminal trespass, a class B misdemeanor, *see* TEX. PENAL CODE ANN. § 30.05, and terroristic threat, a third-degree

felony. *See id*. § 22.07. The charge of terroristic threat was dismissed, and by complaint and information, the State of Texas charged appellant with "intentionally and knowingly enter[ing] and remain[ing] in a building of another, namely, the Nueces County Court House [sic] without the effective consent of Captain Robert Garza; Sergeant Dana Richardson[,] and Sergeant Andrew Carrizales, after having received notice to depart and failing to do so." The Nueces County Sheriff's Office Field Arrest Report signed by Carrizales provided:

> On Friday, May 08, 2020, and Thursday, May 14, 2020, Nueces County Judge Barbara Canales received threatening emails/letters from [appellant] stating he would be at the Nueces County Court House [sic] on Monday, May 18, 2020, and would exercise his privilege and right to gain access to the courtrooms without going through the security checkpoint.
>
> [Appellant] stated Judge Canales's office has two (2) options, let him pass the security checkpoint, or arrest him. On Thursday, May 14, 2020, [appellant] sent an email to Nueces County Court Administrator Marilee Roberts and carbon copied more than one hundred (100) attorneys that stated: "I will be at the courthouse, Monday, May 18th at 1:00 pm with the media. Please show up in force, they cannot arrest all of us if we stand together. I refuse to be bullied any longer by their abuse of power."
>
> On Monday, May 18, 2020, at approximately 1:00 p.m. [appellant] bypassed the security checkpoint disregarding several verbal commands that he could not pass unless he went through the checkpoint. [Appellant] disregard [sic] to obey our commands walking past myself and Sgt. Dana Richardson. [Appellant's] actions disrupted the influence, conduct, or activities of the Court House [sic]. [Appellant's] written and verbal threats caused a reaction of the Nueces County Sheriff[']s Office.

On August 7, 2020, an order imposing conditions of bail pending trial was entered by the trial court. Subsequently, appellant filed an application for writ of habeas corpus, seeking to have his conditions of pretrial bond vacated. A hearing was held, and the trial court entered an order granting in part and denying in part appellant's application.

2

Specifically, the trial court ordered the continuation of the following pretrial bond conditions:

1.    [Appellant] shall abstain from excessive use or abuse of alcoholic beverages, the unlawful use of drugs, narcotics[,] or any other controlled substance.

2.    [Appellant] shall be prevented from possessing any weapons outside of his home.

3.    [Appellant] shall report to a pre-trial bond officer once per month and shall pay the monthly fees associated with same.

As to the remaining conditions objected to by appellant, the trial court granted his requested relief. This appeal followed. *See Sanchez v. State*, 340 S.W.3d 848, 852 n.6 (Tex. App.—San Antonio 2011, no pet.) (noting that an order denying a pretrial application for writ of habeas corpus is final and appealable).[1]

## II.    PRE-TRIAL BOND CONDITIONS

In his sole issue, appellant argues that the trial court abused its discretion in denying his application for writ of habeas corpus in part and setting the pretrial conditions of bond.

## A.    Standard of Review & Applicable Law

The primary purpose of pretrial bail is to secure the defendant's attendance at trial, and the power to require bail, including the power to set conditions to bail, should not be used as an instrument of oppression. *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex. App.—San Antonio 2008, no pet.) (citing *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980)).

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following

---

[1] The State has not filed an appellate brief to assist in the resolution of this matter.

rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15. To secure a defendant's attendance at trial, a magistrate may impose any reasonable bond condition related to the safety of a victim of the alleged offense or to the safety of the community. *Id*. § 17.40(a). Bond conditions, however, must not unreasonably impinge on an individual's constitutional rights. *Ex parte Anderer*, 61 S.W.3d 398, 402 (Tex. Crim. App. 2001); *see* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 11. Therefore, courts must be mindful that one of the purposes of release on bail pending trial is to prevent the infliction of punishment before conviction. *Id*. at 405.

> The trial court's discretion to set the conditions of bail is not . . . unlimited. A condition of pretrial bail is judged by three criteria: it must be reasonable; it must be to secure the defendant's presence at trial; and it must be related to the safety of the alleged victim or the community.

*Anunobi*, 278 S.W.3d at 427 (citing *Anderer*, 61 S.W.3d at 401–02).

We review a trial court's imposition of bond conditions for an abuse of discretion. *Id*. at 428 (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981)). The appellant bears the burden of showing that the trial court abused its discretion in imposing the specific condition. *Id*. (citing *Rubac*, 611 S.W.2d at 849). "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the

4

same factors it used in ruling on bail in the first instance." *Id*.; *Ex parte Allen-Pieroni*, 524 S.W.3d 252, 255 (Tex. App.—Waco 2016, no pet.). An order denying a pretrial habeas corpus application is also reviewed for abuse of discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). An abuse of discretion occurs when the trial court acts without reference to guiding rules and principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016).

**B.     Discussion**

Appellant argues, in part, that the pretrial bond conditions imposed on him "are oppressive considering the misdemeanor charge, unconstitutional, unreasonable, and do not comport with Articles 17.15 and 17.40 and the local rules. . . ." Appellant generally argues that he should not have any of the pretrial bond conditions imposed on him as he is only being charged with a non-violent misdemeanor.

At the hearing on his application for writ of habeas corpus, appellant's criminal history was briefly discussed; specifically, while appellant has not been convicted of any crimes, he does have prior charges for violent offenses on which he was acquitted, granted a mistrial, and/or received pretrial diversion. Appellant, as part of the pretrial diversion on a prior charge, received treatment for post-traumatic stress disorder (PTSD), which he has voluntarily continued.

Appellant's argument relies squarely on the alleged fact that his case is a "non-violent misdemeanor," and he argues that it is not commonplace to impose pretrial bond conditions in this type of scenario. He bases his argument in part on the testimony of a Nueces County Probation Department officer that it is unusual for those charged with misdemeanors to have more than "simple standard conditions" imposed.

### 1.    Alcohol and Drug Use

Except for generally asserting that the condition is unreasonable, appellant does not specifically address this condition. *See* TEX. R. APP. P. 38.1(h), (i).[2] Furthermore, appellant's brief states that he is "restrained from using alcohol," but the order granting in part and denying in part appellant's amended application for habeas relief clearly states that appellant "shall abstain from *excessive use* of alcoholic beverages, the unlawful use of drugs, narcotics[,] or any other controlled substance." (Emphasis added). The trial court was provided with information that appellant, who suffers from PTSD, was charged with criminal trespass after repeatedly disobeying instructions from the Sheriff's Office. It is not unreasonable for the trial court to impose this condition of bail in consideration of the safety of the community. *See Allen-Pieroni*, 524 S.W.3d at 255. Accordingly, we cannot conclude the trial court abused its discretion in imposing this condition. *See* TEX. CODE CRIM. PROC. ANN. art. 17.40(a); *Rubac*, 611 S.W.2d at 849.

### 2.    Possession of a Firearm

Appellant argues that the imposition of a condition which prohibits him from carrying a firearm outside of his home is unconstitutional. He argues specifically that he is "qualified to have an open carry handgun license under the authority of Subchapter H, Chapter 411 of the Texas Government Code, and caselaw regarding carrying of firearms in Texas," and "[i]t is unconstitutional to prevent a qualified private citizen from carrying firearms for self-defense." While he cites the Second Amendment of the United States Constitution, appellant does not provide any argument nor any case law explaining how

---

[2] While appellant refers to several cases in which pretrial bond conditions were at issue, he does not provide any specific argument as to how any of the cited cases apply to the conditions at issue in his own case. Rule 38.1(i) requires a party to make "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record" in its appellate brief. TEX. R. APP. P. 38.1(i).

6

the Second Amendment prohibits the trial court from imposing a condition preventing him from carrying a firearm. *See* TEX. R. APP. P. 38.1(h), (i). As stated above, given the information the trial court was provided regarding appellant's past criminal history, his disregard for law enforcement instruction, and his diagnosis of PTSD, it is not unreasonable for the trial court to have imposed a restriction on the open carrying of a firearm in consideration of the safety of the community. *Allen-Pieroni*, 524 S.W.3d at 255. Accordingly, we cannot conclude the trial court abused its discretion in imposing this condition. *See* TEX. CODE CRIM. PROC. ANN. art. 17.40(a); *Rubac*, 611 S.W.2d at 849.

### 3. Monthly Check-In

The trial court also imposed a condition that appellant have a monthly check-in with a pretrial bond officer and pay the necessary fees associated with this condition. Aside from arguing that this condition is not common for someone charged with a misdemeanor and generally averring that it is unreasonable to require him to report monthly and pay fees, appellant presents no evidence that he is unable to pay the fee and does not provide any argument explaining how the trial court is prohibited from imposing such a condition. *See* TEX. R. APP. P. 38.1(h), (i); *Ex parte Dupuy*, 498 S.W.3d 220, 236 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

### 4. Summary

Given the evidence of appellant's criminal history, his diagnosis of PTSD, and the current charge wherein it is alleged that appellant had a complete disregard for law enforcement directives, we conclude the trial court did not abuse its discretion in declining to reduce appellant's pretrial conditions. *See Dupuy*, 498 S.W.3d at 236.

7

### III.     CONCLUSION

We affirm the trial court's judgment.


                                          NORA L. LONGORIA
                                          Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of April, 2021.