

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00133-CR

EX PARTE EARL WADE ALLEN

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-22-28309

Before Morriss, C.J., Stevens and van Cleef, JJ.
Opinion by Justice Stevens

## OPINION

Earl Wade Allen appeals the trial court's denial of his application for a pretrial writ of habeas corpus. By one issue, Allen argues that the trial court abused its discretion when it ordered, as a condition of bond, that Allen have no contact with his wife of thirty-seven years where uncontroverted evidence clearly established that such contact was not a danger to the alleged victim or the community. For the reasons below, we reverse the trial court's order denying habeas relief and delete from Allen's conditions of bond the condition that he have no contact with his wife, Liese Allen.

## I.    Background

Allen was indicted for the offense of aggravated assault with a deadly weapon for allegedly causing bodily injury to William Christopher Scott by shooting him with a 12-gauge shotgun in December 2021. On December 28, a magistrate set Allen's bond and issued certain bond conditions. Allen's requested bond modification hearing commenced on January 14, 2022, and concluded in February 2022.

Evidence at the hearing revealed that Scott had been in an abusive relationship with Allen's adult daughter—Rebecca Jane Allen—since 2020. Allen had made it clear to Scott that he was not welcome at the Allen residence. At the time Scott appeared on Allen's doorstep, he was on bond for two counts of family violence assault in which Rebecca was the complaining witness. Scott was also on bond for possession of a prohibited weapon and for drug charges. Allen was aware of those charges at the time of Scott's arrival at Allen's home in December 2021. Allen was also aware that, although Scott had only been arrested twice, Scott physically

assaulted Rebecca fifteen to twenty times during the couple's relationship, the most recent of which happened on Christmas Day 2021. On one occasion, Scott had his pit bulldog attack Rebecca, resulting in her hospitalization. Allen had seen Rebecca's injuries and had also been told that Scott had killed a man with his bare hands. When Scott appeared on Allen's doorstep on December 27, 2021, Allen allegedly told Scott to leave multiple times and shot him when he failed to do so.

Detective Joe Gentry with the Bonham Police Department responded to the call of shots fired. He testified that Scott had gone to Allen's door to let Allen know that his daughter was sitting outside of the house and had not left with him. According to Gentry, when Allen told Scott to leave, Scott was backing off the porch. At that point, Allen shot Scott's car. When Scott was in the middle of the road approaching his car, Allen shot the right passenger-side door. As Scott was driving away, Allen shot through the car window and peppered Scott in the right shoulder.[1] According to Gentry, almost a minute elapsed between the second and third shots.

Liese Allen, Allen's wife, called 9-1-1. When police arrived, Allen had unloaded the shotgun and placed it inside the residence. He was respectful to law enforcement, was not difficult or evasive, and answered all of Gentry's questions. Gentry testified that he did not believe Allen would flee the jurisdiction and believed Allen would be in court. Gentry testified, though, that he believed Allen had anger issues.

Testimony at Allen's bond hearing further established that, other than a Class C misdemeanor, Allen had no criminal history. According to Liese and Rebecca, Allen did not

---

[1]One BB entered Scott's lung, resulting in intensive care hospitalization.

have anger issues and was not a violent person. Liese and Rebecca testified that Allen had never hit them and had never threatened to do so. Liese testified that there was no chance that Allen would fail to show up for court. Liese also testified that she had daily contact with Allen following the incident. Liese was not aware that Allen was to have no contact with her since her name was not included in the order setting out Allen's bond conditions.[2]

At the conclusion of the bond hearing, Allen requested that he be permitted to remain in contact with his daughter, that his GPS monitor be removed, and that the prohibition against firearms during the pendency of the case be removed.[3] The trial court denied the motion in its entirety and specifically stated, "There will be no contact with William Christopher Scott, Rebecca Jane Allen, or Liese Allen." On learning that Allen could have no contact with Liese, Allen made an oral demand for a speedy trial.

Although the case proceeded to jury trial on August 22, 2022, the trial court declared a mistrial on August 25, 2022. The case was reset for jury trial on September 12, 2022, and was again reset for December 12, 2022—a setting that was also continued.

In the meantime, Allen filed an application for a writ of habeas corpus complaining that the bond restriction prohibiting contact with Liese amounted to an illegal restraint on his liberty. The application alleged that the no-contact condition was oppressive and did nothing to ensure

---

[2]The magistrate's order setting bond conditions stated that Allen was to have no contact "with any alleged victim or witness or co-defendant," that he was not to "go within 200 yards of any such person at any time, including the person's home, school, or employment, specifically including: SCOTT, William Christopher w/m; 7/20/1973; 1206 E. FM 902, Howe, Tx 75458; ALLEN, Rebecca Jane w/f; 3/13/1987; 2005 Albert Broadfoot, Bonham, Tx 75418."

[3]On January 14, 2022, the trial court issued a new order setting bond conditions that stated, among other things, that Allen was to have no contact with Liese.

4

the safety of the public or the complaining witness and did nothing to preserve the integrity of the trial process. A hearing on Allen's application took place on September 30, 2022.

Liese testified at the hearing that she and Allen had been married for over thirty-seven years. She stated that Allen had not had to come to court for any accusations of violations of his bond conditions. She claimed that he reported as required and had no problems with his pretrial release. Finally, Liese testified that Allen had never struck her or even cussed at her.

All of the witnesses have testified to the facts of Allen's case in court under oath on the record at least one time, including Leise, Allen, Scott, and Rebecca. Liese would like Allen to move back home so they can enjoy the holidays together and resume their marriage.

At the conclusion of the hearing, the habeas court indicated that Allen violated the first bond order by having contact with Liese. Allen pointed out that there was a misunderstanding because Liese's name was not on the order and that the trial court clarified that at the bond hearing. Allen claimed that he had had no contact with Liese since that time. Allen argued that, because (1) the witnesses had all testified in this case on at least one occasion, (2) the witnesses were aware that changing their testimony would lead to impeachment, (3) he demanded a speedy trial six months before the hearing, and (4) he had been compliant with his bond conditions, he should be permitted to have contact with Liese until the case concluded.

The court stated that its "position may have been a little different had the initial conditions of bond not been violated, but because they were, the Court [was] not going to change the conditions." As a result, the court denied the application.

On appeal, Allen argues that the trial court abused its discretion by ordering as a condition of bond that he have no contact with his wife where uncontroverted evidence clearly established that such contact was not a danger to the alleged victim or the community.

## II.     Standard of Review and Applicable Law

We review a challenge to the imposition of pretrial bail conditions for an abuse of discretion.  *See Ex parte Buks*, 654 S.W.3d 516, 521 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (plurality op.).  "We will reverse the trial court's decision only if the court abused its discretion, that is, if the decision was made without reference to any guiding principles or was, in other words, arbitrary or unreasonable."  *Ex parte Jackson*, 257 S.W.3d 520, 521 (Tex. App.—Texarkana 2008, no pet.).

"The appellant bears the burden to show the trial court abused its discretion in setting the amount of bail or imposing a specific condition."  *Ex parte Buks*, 654 S.W.3d at 521–22 (citing *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981)).  "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the same factors it used in ruling on bail in the first instance."  *Id.* at 522.  Those factors include:

> 1.     The bail and any conditions of bail shall be sufficient to give reasonable assurance that the undertaking will be complied with.
>
> 2.     The power to require bail is not to be used to make bail an instrument of oppression.
>
> 3.     The nature of the offense and the circumstances under which the offense was committed are to be considered . . . .
>
>        . . . .

6

4.    The ability to make bail shall be considered, and proof may be taken on this point.

5.    The future safety of a victim of the alleged offense . . . and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15(a) (Supp.).  "A condition of pre-trial bail is judged by three criteria:  it must be reasonable; it must be to secure the defendant's presence at trial; and it must be related to the safety of the alleged victim or the community."  *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex. App.—San Antonio 2008, no pet.) (citing *Ex parte Anderer*, 61 S.W.3d 398, 401–02 (Tex. Crim. App. 2001) (en banc)); *see* TEX. CODE CRIM. PROC. ANN. art. 17.40(a) (in order to "secure a defendant's attendance at trial," a magistrate may also impose any reasonable bond condition "related to the safety of a victim of the alleged offense or to the safety of the community").  Pretrial bail "serves to prevent the infliction of punishment prior to conviction."  *Ex parte Anderer*, 61 S.W.3d 398, 405 (Tex. Crim. App. 2001) (en banc).  This interest is "of great weight in every case."  *Id.*  Consequently, "the power to require bail, including the power to set conditions to bail, should not be used oppressively."  *Ex parte Allen-Pieroni*, 524 S.W.3d 252, 256 (Tex. App.—Waco 2016, no pet.) (citing *Ex parte Anunobi*, 278 S.W.3d at 427).

## III.    Analysis

The victim in this case is Scott.  Liese is not and has never been a victim in this case.  The testimony at the bond hearing and at the habeas hearing revealed that Allen has never assaulted Liese and has never threatened to do so.  Allen and Liese have been married for thirty-seven years and wish to resume their marriage, after having the no contact condition in place

7

since January 2022. In the same vein, the testimony at both hearings failed to reveal any evidence that the no contact order would in any way ensure the safety of the community.

In reviewing whether this bond condition reached beyond the bounds of the court's discretion, we are mindful of the fact that we are to measure "the trial court's ruling against the same factors it used in ruling on bail in the first instance." *Ex parte Buks*, 654 S.W.3d at 522. Yet, the no contact provision fails to satisfy the fifth factor of Article 17.15 of the Texas Code of Criminal Procedure and likewise fails to satisfy Article 17.40(a), which allows for any reasonable bond condition that relates "to the safety of a victim of the alleged offense or to the safety of the community." TEX. CODE CRIM. PROC. ANN. art 17.40(a).

The no-contact bond condition does nothing to ensure the safety of the victim or the safety of the community. Ostensibly, the condition was imposed because Liese was a witness to the alleged offense. Yet, Liese was never bound to testify in this case. *See* TEX. R. EVID. 504(b) ("In a criminal case, an accused's spouse has a privilege not to be called to testify for the state."). Further, nothing in the record indicates that Allen was ever likely to intimidate or harass Liese. And, at the time of the habeas hearing, Liese had already testified at Allen's trial, which ended in a mistrial during jury deliberations. Because Liese testified under oath, on the record, her testimony at a future trial is not an issue.

We are also mindful that "one of the purposes of *release* on bail pending trial is to prevent the infliction of punishment before conviction." *Ex parte Allen-Pieroni*, 524 S.W.3d at 256 (finding bond condition of home confinement an abuse of discretion) (citing *Anderer*, 61 S.W.3d at 405). Finally, we must recognize that a "trial court's discretion to set the conditions of

bail is not . . . unlimited," *id.* (citing *Ex parte Anunobi*, 278 S.W.3d at 427), and "[t]he power to require bail is not to be used as to make bail an instrument of oppression," TEX. CODE CRIM. PROC. ANN. art. 17.15.

## IV.    Conclusion

Given the record and the applicable law, we conclude that the trial court erred by denying habeas relief on the bond condition that Allen shall have no contact with his wife, Liese Allen. We reverse the trial court's order denying habeas relief and delete from Allen's conditions of bond the condition that he have no contact with his wife, Liese Allen.

Scott E. Stevens
Justice

Date Submitted:      December 16, 2022
Date Decided:        December 21, 2022

Publish