Opinion issued October 1, 2020



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-20-00423-CR

_____

## EX PARTE STEVEN COLE, APPELLANT

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1654274**

---

## MEMORANDUM OPINION

Applicant, Steven Cole, brings an interlocutory appeal from the trial court's denial of his application for a pre-conviction writ of habeas corpus. *See* TEX. R. APP. P. 31. In his application, applicant argues that the trial court's imposition of bond conditions violates his constitutional rights.

We affirm.

## Background

The record reflects that the State indicted applicant for causing serious bodily injury to the complainant, Myrna Agris, an elderly woman.[1] In its December 6, 2019 order entitled, "Bail Condition and No Contact Order," the trial court stated that defendant "is eligible for bail in this case in the amount of $30,000 and that additional conditions be imposed on said bail." The trial court imposed a condition that prevented applicant from having any contact with the complainant and presumably his wife and children, except through the person's attorney or a person appointed by the Court.

Applicant then filed his application for writ of habeas corpus on April 17, 2020, arguing that the trial court's bond conditions precluded applicant from having any contact with his wife or three children. Applicant argued that the bond conditions were unconstitutional and in violation of the applicant's "fundamental right to parent under the Due Process Clause of the Fourteenth Amendment." On the same day, applicant filed a memorandum to support his habeas corpus application, stating that he is also in divorce proceedings with the complainant's daughter. Applicant states that "the alleged incident occurred in 2016. The complainant is neither the Defendant's wife nor Defendant's children. There have

---

[1] *See* TEX. PEN. CODE § 22.04.

been no other alleged altercations since this offense against the Complainant. The condition to prohibit contact with the complainant is reasonable, however, to prohibit contact with Defendant's wife and children is unreasonable and unfounded."

The trial court denied applicant's writ of habeas corpus and applicant appealed.

### Standard of Review and Applicable Law

The primary purpose of pretrial bail is to secure the defendant's attendance at trial, and the power to require bail, including the power to set conditions to bail, should not be used as an instrument of oppression. *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex. App.—San Antonio 2008, no pet.) (citing *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980)). To secure a defendant's attendance at trial, a magistrate may impose any reasonable bond condition related to the safety of a victim of the alleged offense or to the safety of the community. TEX. CODE CRIM. PROC. art. 17.40(a). Bond conditions, however, must not unreasonably impinge on an individual's constitutional rights. *Ex parte Anderer*, 61 S.W.3d 398, 402 (Tex. Crim. App. 2001). Therefore, courts must be mindful that one of the purposes of release on bail pending trial is to prevent the infliction of punishment before conviction. *Id.* at 405. "The trial court's discretion to set the conditions of bail is not . . . unlimited. A condition of pretrial bail is judged by three criteria: it must be

3

reasonable; it must be to secure the defendant's presence at trial; and it must be related to the safety of the alleged victim or the community." *Anunobi*, 278 S.W.3d at 427 (citing *Anderer*, 61 S.W.3d at 401–02).

We review a trial court's imposition of bond conditions for an abuse of discretion. *Id*. at 428 (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981)). Appellant bears the burden of showing that the trial court abused its discretion in imposing the specific condition. *Id*. (citing *Rubac*, 611 S.W.2d at 849). "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the same factors it used in ruling on bail in the first instance." *Id*.

In the absence of a reporter's record,[2] an appellate court considering a habeas corpus application will presume that there was evidence to support the trial court's judgment. *Ex parte McKeand*, 454 S.W.3d 52, 54 (Tex. App.—Houston [1st Dist.] 2014, no pet.). However, in a proceeding to review a denial of an application for writ of habeas corpus, the applicant still bears the burden of proving that he is entitled to relief by a preponderance of the evidence. *Id*.

---

[2] The court reporter notified this Court that no reporter's record had been taken.

## Discussion

Applicant has not shown that he is entitled to relief. Applicant seeks habeas relief on the basis that the trial court entered an unconstitutional bond condition. Specifically, applicant argues that the trial court's bond condition that precludes him from contacting his wife and three children is unconstitutional and in violation of his right to parent his children.

In *Ex parte Thompson*, the appellant, who had been charged with injury to a child and who likewise had a no-contact bond condition, similarly complained on appeal that the condition was unreasonable, vague, and constitutionally excessive. No. 14–04–00731–CR, 2005 WL 363971, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2005, no pet.) (not designated for publication). Our sister court noted that appellant had not objected when the condition was imposed, and held that by failing to object at that time, appellant failed to preserve error. *Id*. Other Texas Courts have held that "a defendant forfeits an argument that a condition of a bond is erroneous or unconstitutional by not objecting when the condition is imposed." *Ex parte Martinez*, No. 02-15-00353-CR, 2015 WL 9598924, at *3–4 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op., not designated for publication) (holding that appellant forfeited his objections to no-contact condition when he signed order imposing condition and did not complain about condition until court enforced condition); *see also Smith v. State*, 993 S.W.2d 408, 411 (Tex. App.—Houston [14th

5

Dist.] 1999, pet. ref'd) (en banc op. on reh'g) ("Smith failed to object to the constitutionality of the bond conditions when the conditions were imposed; therefore, he may not now get a second bite at the apple through a habeas corpus appeal."); *Ex parte Vazquez*, Nos. 05–13–00165–CR & 05–13–00166–CR, 2013 WL 1760614, at *3 (Tex. App.—Dallas Apr. 24, 2013, no pet.) (mem. op., not designated for publication) ("Appellant's failure to object to the condition at the time it was imposed precludes his collateral attack on the condition now that his bond has been revoked."); *Ex parte Lambridia*, No. 14–96–00256–CR, 1996 WL 413982, at *1–2 (Tex. App.—Houston [14th Dist.] July 25, 1996, no pet.) (not designated for publication) (overruling appellant's challenge to no-contact condition because he had signed order creating condition and record did not "contain evidence that [he] objected when the condition was imposed"); *Ex parte Sotelo*, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd) ("We hold that Sotelo waived any error in the original imposition of the condition by his failure to object."), *disapproved of on other grounds* by *Ex parte Anderer*, 61 S.W.3d 398, 404–05 & n.33 (Tex. Crim. App. 2001).

Here, the trial court imposed the no-contact condition on December 6, 2019. Applicant signed the order imposing the bail conditions, establishing that he had notice of it. The record reflects that applicant waited over three months before he complained about it. Because nothing in the record shows that applicant raised an

objection at the time the no-contact condition was imposed, we conclude that applicant has forfeited his objections to the no-contact condition. *See Smith*, 993 S.W.2d at 411; *Lambridia*, 1996 WL 413982, at *1–2. We therefore conclude that the trial court did not abuse its discretion by denying appellant's application for writ of habeas corpus, and we overrule his sole issue.

## Conclusion

We affirm the trial court's order that denied applicant's application for writ of habeas corpus.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Hightower and Adams.

Do not publish. TEX. R. APP. P. 47.2(b).