NOS. 12-20-00148-CR
12-20-00149-CR
12-20-00150-CR
12-20-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEALS FROM THE 114TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *CHERYL LAYNE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cheryl Layne brings an interlocutory appeal from the trial court's denial of her application for a pre-trial writ of habeas corpus. In her application, Appellant argues that two of the pretrial bond conditions should be amended or deleted. We affirm.

## BACKGROUND

On September 13, 2019, the school resource officer at Whitehouse Junior High contacted the Smith County Sheriff's Office about an outcry of abuse from C.L.1 and C.L.2.[1] The boys had been adopted, along with their two siblings, by Appellant and her husband. The couple also has two biological children. Forensic interviews were conducted with all six of Appellant's children. C.L.1 and C.L.2 recounted instances of abuse occurring on September 8 and 12. The instances included slamming heads into hard objects, hitting on the body with an aluminum-shaft arrow, forced eating of food from a trash can, strikes to the face that caused bleeding, and beatings with a belt. These outcries were corroborated in part by other children in the home. Appellant was arrested, and all six children were removed from the home. The Department of

---

[1] Because the victims are minor children, we refer to them by their initials to protect their identities. *See* TEX. R. APP. P. 9.8.

Family and Protective Services (the Department) also moved to terminate Appellant's parental rights in the 321st Judicial District Court of Smith County (the family court).

On September 17, the trial court signed special conditions of bond, which included the following conditions:

> 8. Have NO contact with minor children unless at least two other adults are present.
> …
> 10. Do not reside in a household where any minor children live without written permission of the Court.

In January 2020, Appellant was indicted for four cases of injury to a child. It is alleged that C.L.1 was struck with a hard object and an arrow, struck against a hard object, and kicked with a foot. It is also alleged that C.L.2 was struck with a belt, a hard object, and an arrow.

On February 5, the family court orally pronounced an order returning Appellant's biological children because the Department failed to meet the burden of evidence required for removal of those children. The family court further found that there is no danger to the biological children in returning them to their parents. On February 10 and 12, the trial court reissued bond condition orders that included the same conditions imposed in September.

On April 7, Appellant filed a writ of habeas corpus objecting to bond conditions eight and ten. She sought to have her biological children exempted from the bond conditions under the family court's order. Following a hearing, the trial court denied the motion. This appeal followed.

## BOND CONDITIONS

In both of her issues, Appellant contends the trial court abused its discretion in refusing to amend or delete the bond conditions precluding contact with minor children and preventing her from residing in a household with minor children.

### Standard of Review and Applicable Law

The primary purpose of pretrial bail is to secure the defendant's attendance at trial, and the power to require bail, including the power to set conditions to bail, should not be used as an instrument of oppression. *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex. App.—San Antonio 2008, no pet.) (citing *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980)). To

secure a defendant's attendance at trial, a magistrate may impose any reasonable bond condition related to the safety of a victim of the alleged offense or to the safety of the community. TEX. CODE CRIM. PROC. ANN. art. 17.40(a) (West 2015). Bond conditions, however, must not unreasonably impinge on an individual's constitutional rights. *Ex parte Anderer*, 61 S.W.3d 398, 402 (Tex. Crim. App. 2001). Therefore, courts must be mindful that one of the purposes of release on bail pending trial is to prevent the infliction of punishment before conviction. *Id.* at 405. "The trial court's discretion to set the conditions of bail is not ... unlimited. A condition of pretrial bail is judged by three criteria: it must be reasonable; it must be to secure the defendant's presence at trial; and it must be related to the safety of the alleged victim or the community." *Anunobi*, 278 S.W.3d at 427 (citing *Anderer*, 61 S.W.3d at 401–02).

We review a trial court's imposition of bond conditions for an abuse of discretion. *Id.* at 428 (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981)). Appellant bears the burden of showing that the trial court abused its discretion in imposing the specific condition. *Id.* (citing *Rubac*, 611 S.W.2d at 849). "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the same factors it used in ruling on bail in the first instance." *Id.*

## Analysis

Appellant seeks habeas relief on the basis that the trial court entered unconstitutional bond conditions. Specifically, Appellant argues that the trial court's bond conditions that preclude her from having contact with minor children and from residing in a household with minor children are "onerous and have no rational basis in law or fact." She further argues that these two bond conditions are unconstitutional and in violation of her right to parent her children.

In *Ex parte Thompson*, the appellant, who had been charged with injury to a child and who likewise had a no-contact bond condition, similarly complained on appeal that the condition was unreasonable, vague, and constitutionally excessive. No. 14–04–00731–CR, 2005 WL 363971, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2005, no pet.) (op., not designated for publication) (per curiam). Our sister court noted that appellant had not objected when the condition was imposed and held that by failing to object at that time, appellant failed to preserve error. *Id.* Other Texas Courts have held that "a defendant forfeits an argument that a condition of a bond is erroneous or unconstitutional by not objecting when the condition is imposed." *Ex*

*parte Martinez*, No. 02-15-00353-CR, 2015 WL 9598924, at *3–4 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op., not designated for publication) (holding that appellant forfeited his objections to no-contact condition when he signed order imposing condition and did not complain about condition until court enforced condition); *see also Ex parte Cole*, No. 01-20-00423-CR, 2020 WL 5823290, at *2 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020, pet. filed) (mem. op., not designated for publication) (appellant waived objections to no-contact condition when waited three months to object to it); *Ex parte Vazquez*, Nos. 05–13–00165–CR & 05–13–00166–CR, 2013 WL 1760614, at *3 (Tex. App.—Dallas Apr. 24, 2013, no pet.) (mem. op., not designated for publication) ("Appellant's failure to object to the condition at the time it was imposed precludes his collateral attack on the condition now that his bond has been revoked."); *Smith v. State*, 993 S.W.2d 408, 411 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (en banc op. on reh'g) ("Smith failed to object to the constitutionality of the bond conditions when the conditions were imposed; therefore, he may not now get a second bite at the apple through a habeas corpus appeal."); *Ex parte Lambridia*, No. 14–96–00256–CR, 1996 WL 413982, at *1–2 (Tex. App.—Houston [14th Dist.] July 25, 1996, no pet.) (op., not designated for publication) (per curiam) (overruling appellant's challenge to no-contact condition because he signed order creating condition and record did not "contain evidence that [he] objected when the condition was imposed"); *Ex parte Sotelo*, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd) ("We hold that Sotelo waived any error in the original imposition of the condition by his failure to object.").

Here, the trial court imposed Appellant's bond conditions on September 17, 2019. Appellant did not object to the bond conditions at that time. The family court orally rendered an order returning custody of Appellant's biological children to her on February 5, 2020. *See* TEX. FAM. CODE ANN. § 101.026 (West 2019) (defining "render" as either an oral or written pronouncement); *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009) (holding that the trial court rendered a final order when it orally pronounced termination of parental rights). After this order, the trial court reimposed the bond conditions on February 10, 2020 and February 12, 2020. Appellant signed the February 12 bond conditions, establishing that she had notice of them. The record reflects that Appellant waited eight weeks before she complained about the bond conditions. Because nothing in the record shows that Appellant raised an objection at the time the bond conditions were imposed, we conclude that Appellant

forfeited her objections to the no-contact conditions.  *See* **Smith**, 993 S.W.2d at 411; **Lambridia**, 1996 WL 413982, at *1-2.  We therefore conclude that the trial court did not abuse its discretion by denying Appellant's application for writ of habeas corpus, and we overrule her first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's order.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 18, 2020**

**NO. 12-20-00148-CR**

**EX PARTE: CHERYL LAYNE**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0086-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 18, 2020**

**NO. 12-20-00149-CR**

**EX PARTE: CHERYL LAYNE**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0087-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 18, 2020**

**NO. 12-20-00150-CR**

**EX PARTE: CHERYL LAYNE**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0088-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 18, 2020**

**NO. 12-20-00151-CR**

**EX PARTE: CHERYL LAYNE**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0089-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*