

# NUMBER 13-21-00098-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE KARLA MARLEN DELEON

---

### On appeal from the 464th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Benavides

By one issue, appellant Karla Marlen DeLeon challenges the trial court's denial of her petition for writ of habeas corpus requesting modification of her bond conditions. *See generally* TEX. CODE CRIM. PROC. ANN. art. 11.01. She complains the trial court erred by refusing to remove the global positioning system (GPS) ankle monitor imposed when her initial bond amount was reduced. We affirm.

### I.     BACKGROUND

DeLeon is under indictment for the murder of her husband, Hector DeLeon. *See*

TEX. PENAL CODE ANN. § 19.02. The date of the alleged offense was December 8, 2019. Bond was initially set at $1,000,000. On December 11, 2019, DeLeon's bond was lowered to $100,000 with active GPS monitoring.[1]

On June 29, 2020, DeLeon filed a motion to modify her bond conditions, asking for the removal of the GPS ankle monitor. She stated that she had previously been diagnosed with squamous cell carcinoma in 2019, and the ankle monitor was irritating her skin. DeLeon's motion stated her carcinoma was in remission but that the "skin trauma and inflammation [could] increase the possibility of recurrence" of her carcinoma. The trial court denied the motion on July 28, 2020. On November 18, 2020, DeLeon filed a second motion to modify her bond conditions, which was not ruled on by the trial court.

In March of 2021, DeLeon filed this petition for writ of habeas corpus to amend her bond conditions. She made similar allegations as she raised in her motion to modify bond conditions but also alleged that the GPS ankle monitor "impinges on her constitutional rights." The trial court denied the petition, and this appeal followed.[2]

## II.     BAIL REDUCTION

**A.     Standard of Review and Applicable Law**

A trial court's pretrial bail determination is reviewed under an abuse of discretion standard. *See Ex parte Cardenas*, 557 S.W.3d 722, 729 (Tex. App.—Corpus Christi–

---

[1] DeLeon was released on an attorney signature bond with the GPS ankle monitor as a condition of the bond.

[2] Because this is an appeal from the denial of an application for habeas corpus relief and not an appeal from an order setting bail or from the denial of a pretrial motion for bail reduction, we have jurisdiction. *See Ragston v. State*, 424 S.W.3d 49, 50–52 (Tex. Crim. App. 2014); *see also Fuentes v. State*, No. 13-20-00360-CR, 2021 WL 3085765, at *2 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, no pet. h.) (mem. op., not designated for publication); *Ex parte Taylor*, No. 02-20-00010-CR, 2020 WL 1963788, at *1 n.1 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op.).

Edinburg 2018, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981)); *see also Fuentes v. State*, No. 13-20-00360-CR, 2021 WL 3085765, at *3 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, no pet. h.) (mem. op., not designated for publication). "In reviewing a trial court's bond decision, the appellate court measures the trial court's ruling against the same factors it used in ruling on bail in the first instance." *Ex parte Anunobi*, 278 S.W.3d 425, 428 (Tex. App.—San Antonio 2008, no pet.). A trial court only abuses its discretion when it acts in an arbitrary and unreasonable manner without reference to any guiding rules or principles. *Cardenas*, 557 S.W.3d at 730. A trial court's ruling will not be disturbed as long as it lies within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (per curiam).

"The chief purpose of bail is to secure the presence of the [accused] in court for trial." *Cardenas*, 557 S.W.3d at 730 (citing *Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.)). Both the United States and Texas Constitutions protect the right to be free from excessive bail. *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 11.

Article 17.15 of the Texas Code of Criminal Procedure sets forth five statutory factors for the trial court to consider when setting bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. The trial court must consider the following: (1) the bail must be sufficiently high to ensure compliance; (2) the bail must not be used as an instrument of oppression; (3) the nature of the offense and the circumstances under which it was committed; (4) the accused's ability to make bail; and (5) the future safety of the victim and the community.

3

*Cardenas*, 557 S.W.3d at 730 (citing TEX. CODE CRIM. PROC. ANN. art. 17.15). In addition, the trial court may also consider: (1) the accused's work history; (2) her family and community ties; (3) the length of her residency; (4) any prior criminal history; (5) conformity with previous bond conditions; (6) the existence of any other outstanding bonds; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

To secure a defendant's attendance at trial, a magistrate may impose any reasonable bond condition related to the safety of the victim of the alleged offense or to the safety of the community. TEX. CODE CRIM. PROC. ANN. art. 17.40(a). Bond conditions, however, must not unreasonably impinge on an individual's constitutional rights. *Ex parte Anderer*, 61 S.W.3d 398, 402 (Tex. Crim. App. 2001). "The trial court's discretion to set the conditions of bail is not . . . unlimited." *Anunobi*, 278 S.W.3d at 427. "A condition of pre-trial bail is judged by three criteria: it must be reasonable; it must be to secure the [accused]'s presence at trial; and it must be related to the safety of the alleged victim or the community." *Id.* (citing *Anderer*, 61 S.W.3d at 401–02).

In a habeas case, the appellant bears the burden of showing that the trial court abused its discretion in imposing the specific condition. *Id.* (citing *Rubac*, 611 S.W.2d at 849). The burden of proof is on the applicant for bail reduction to show that the bail set is excessive. *Ex parte Kimes*, 872 S.W.2d 700, 703–04 (Tex. Crim. App. 1993); *Rubac*, 611 S.W.2d at 849.

**B.      Discussion**

At a hearing on her writ of habeas corpus, DeLeon's counsel presented argument

4

to the trial court regarding her complaints. He stated that DeLeon was given the GPS ankle monitor as a condition of her bond in December 2019, fifteen months prior. He explained that she has strong ties to the Rio Grande Valley and owns property in the area. Counsel agreed that she does have family in Mexico but said she rarely travels there and would be willing to surrender her passport. He also stated that she had no prior criminal history.

The State and DeLeon stipulated to testimony DeLeon's daughter had previously provided explaining DeLeon's "cancer issue." Prior testimony discussed the treatment DeLeon had undergone in 2019, which included radiation with check-ups throughout her treatment time. Counsel stated DeLeon was due for another check-up in January 2020, but the incident with her husband occurred in December 2019, and she no longer had medical insurance as it was through him. DeLeon submitted photographs of minor abrasions and bruising and what counsel referred to as a "actual lesion or growth" near the GPS ankle monitor. However, DeLeon did not submit any documentation from her doctor regarding the necessity of removing the GPS ankle monitor. Counsel stated that a week prior to the hearing, DeLeon spoke to a radiation oncologist who said he was not "qualified" to make an analysis and referred her to a dermatologist. DeLeon had been unable to make an appointment at the time of this hearing.

The State responded by explaining that it has concerns with removing the GPS ankle monitor due to DeLeon's ties outside of the country. It also noted the absence of "a doctor or some other medical specialist or medical professional to express some level of concern that what we're seeing is something that could be a health hazard." It did agree

that if proper medical documentation was submitted at a later date, it was an issue that could be revisited.

The trial court expressed its concerns and reservations with DeLeon's request. It stated that surrendering a passport does not prevent someone from leaving the country, as passports are for "re-entry." The trial court stated it was willing to remove the GPS ankle monitor if DeLeon would agree to the alternative incarceration program (AIP),[3] where he would give her permission to travel only for medical appointments. DeLeon stated that AIP was too "burdensome and onerous" as an alternative. In its findings of fact and conclusions of law, the trial court stated:

> 5.  That an alternative condition suggested by the Court to assure [DeLeon]'s attendance was rejected by [DeLeon], acting by and through her counsel.
>
> 6.  That, in consideration of the evidence, as proffered by agreement of counsel for both [DeLeon] and the State, along with the severity of the charge for which [DeLeon] stands charged, the Court believes that [DeLeon] has failed to establish a reasonable alternative to the GPS monitor to secure [DeLeon]'s attendance at future Court hearings and/or Trial.

The burden is on DeLeon to show error requiring reversal and that the bail was excessive, and we find that she did not meet her burden. *See Kimes*, 872 S.W.2d at 703–04; *Rubac*, 611 S.W.2d at 849; *see also Fuentes*, 2021 WL 3085765, at *3. Given the very serious nature of the charge against DeLeon and the potential for her to flee, the GPS ankle monitor was not itself an unreasonable bond condition under these circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. In an attempt to address her unverified medical concerns, the trial court offered DeLeon an alternative to the GPS

---

[3] The alternative incarceration program (AIP) is similar to a house arrest program.

ankle monitor that is designed to "secure the presence of the defendant in court for trial."

*See Cardenas*, 557 S.W.3d at 730. She chose not to accept the alternative and has provided no evidence or explanation for why AIP would be unduly burdensome under the circumstances. Therefore, the trial court did not abuse its discretion in denying her petition for writ of habeas corpus. We overrule DeLeon's sole issue.

### III.    CONCLUSION

We affirm the trial court's ruling.


                                                    GINA M. BENAVIDES
                                                    Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of August, 2021.

7