

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-23-00729-CR

**EX PARTE** Jose Eleazar **MARMOLEJO-PALACIOS**

From the County Court, Zapata County, Texas
Trial Court No. CR-08507
Honorable Susan D. Reed, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice
Concurring Opinion by: H. Todd McCray, Justice

Sitting:        Adrian A. Spears II, Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: August 27, 2025

AFFIRMED

Appellant, Marmolejo-Palacios, filed an application for writ of habeas corpus, seeking relief from the trial court's order that he appear in person at trial. Because we find the issue is not a cognizable claim via an application for writ of habeas corpus, we affirm the trial court's denial of Marmolejo-Palacios's application for writ of habeas corpus.

### BACKGROUND

Marmolejo-Palacios, a noncitizen, was arrested for trespassing on private property, evading arrest, and resisting arrest in Zapata County. The State filed an information charging him with having committed the misdemeanor offense of criminal trespass. *See* TEX. PENAL CODE ANN.

§ 30.05(d)(1). Marmolejo-Palacios was released on a personal bond in the amount of $250 with a notice of setting attached. In the "Appearance Bond," Marmolejo-Palacios stated:

> "I SWEAR that I will appear before the County Court at Zapata, ZAPATA County, Texas, INSTANTER, and on the date and time on the attached NOTICE OF SETTING, or upon notice by the Court, or pay to the Court the principal sum of $250.00, plus all and reasonable expenses incurred in any arrest for failure to appear."

Marmolejo-Palacios signed the *Notice of Setting* attached to his "Appearance Bond" which stated:

> "You have posted a Bond promising to appear before the Zapata County Court each time when your case is set for hearing ultimately for jury trial. If you fail to appear before the court on the above date and time, or at any other time scheduled by the Court, your bond may be forfeited and an order for your arrest may be issued, and new charges brought for bail jumping."

Marmolejo-Palacios was given notice of a final pretrial hearing set for July 18, 2023, with a Zoom link[1]. At the July hearing, after Marmolejo-Palacios was ordered to appear in-person for his next pretrial hearing set in August of 2023, Marmolejo-Palacios's attorney objected to the in-person requirement "because [Marmolejo-Palacios] has no lawful way to enter the United States." The court maintained that the setting required Marmolejo-Palacios to be in person.

On August 1, 2023, Marmolejo-Palacios filed his *Pretrial Application for Habeas Corpus.* In it, Marmolejo-Palacios argued the order requiring him to appear in person is a bond condition, which he requested be modified to allow him to appear virtually until he has legal authorization to re-enter the country. Specifically, he asserts that "[m]odifying his bond to allow him to appear virtually until he has legal authorization to enter the country is 1) reasonable, 2) will ensure his

---

[1] Appellant while out on bond, was permitted by the trial court to appear virtually via Zoom three times total: for his arraignment, his pre-trial hearing, and final pre-trial hearing.

presence at trial, and 3) will advance community safety by encouraging legal immigration."[2] The trial court denied Marmolejo-Palacios's application and, on the same day, this appeal followed.[3]

## STANDARD OF REVIEW

We review the trial court's decision to deny habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1052 (2006). We will find an abuse of discretion only where a trial court acts arbitrarily or unreasonably, without reference to any guiding rules and principles, or where the trial court's decision falls outside the zone of reasonable disagreement. *See State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). But, where the trial court applies legal standards, such as determining whether a claim for pretrial habeas corpus relief is cognizable, we will review such legal determinations de novo. *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.— Houston [1st Dist.] 2007, no pet.) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## COGNIZABILITY[4]

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *see Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam) ("A defendant may use a pretrial writ of habeas corpus only in very limited circumstances."). Whether a claim is even cognizable on pretrial habeas is a threshold issue we

---

[2] Appellant argues that if his bond is not modified to allow for appearance virtually, we are encouraging him to attempt to illegally enter the country once again. We are doing no such thing.

[3] Appellant also filed a motion for temporary stay of in-person trial court proceedings which was granted by this court on August 9, 2023.

[4] We assume for purposes of this appeal that Appellant is "restrained," as the State does not dispute that issue. *See Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 13 n.7 (Tex. App.—San Antonio 2023, no pet.).

must address first before we reach the merits of Marmolejo-Palacios's claim. *See Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021) (per curiam) (vacating court of appeals' judgment reaching merits and remanding for court to address cognizability (citing *Ex parte Ellis*, 309 S.W.3d at 79)); *see also Ex parte Dominguez Ortiz*, 668 S.W.3d 126 (Tex. App.—San Antonio 2023, no pet.). "If we conclude the grounds on appeal are not cognizable, then we must affirm the trial court's denial of habeas corpus relief." *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.—San Antonio 1998, no pet.) (per curiam); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd) (noting "if the complaint is in fact one that is not cognizable we should refuse the merits of the claim.") (citing *Ellis*, 309 S.W.3d at 79-80).

First, we acknowledge the precedent in Texas allowing an applicant to use a pretrial writ to challenge a condition of bond that unreasonably restrains his liberty. "The accused may challenge the State's power to restrain him at all, i.e., the existence of probable cause, (2) the manner of his restraint, i.e., the denial of bail or conditions attached to bail, and (3) certain issues that would bar prosecution or conviction." *Paxton*, 493 S.W.3d at 297 (citing *Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)). But, this case is very different than a "denial of bail or conditions attached to bail" or an appearance bond. *See, e.g., Ex parte Allen*, 657 S.W.3d 866 (Tex. App.—Texarkana 2022, no pet.) (reviewing bond condition that prohibited applicant from having contact with his wife); *Ex parte Allen-Pieroni*, 524 S.W.3d 252 (Tex. App.—Waco 2016) (reviewing condition of pretrial bail that required home confinement and electronic monitoring); *Ex parte Victorick,* 453 S.W.3d 5, 11-12 (Tex. App.—Beaumont 2014, pet. ref'd) (reviewing conditions of bond that prohibited defendant from possessing firearms, contacting family, having internet connection and more); *Ex parte Anunobi*, 278 S.W.3d 425 (Tex. App.—San Antonio 2008, no pet.) (reviewing home confinement as condition of pre-trial release on bail); *Ex parte Elliott*,

950 S.W.2d 714 (Tex. App.—Fort Worth 1997) (reviewing condition of bail that required defendant to install interlock device on automobile).

Marmolejo-Palacios is not challenging a condition of his bond, but rather the very purpose of the bond itself – to ensure his appearance for trial – the *raison d'etre* of the bond. Specifically, Marmolejo-Palacios argues that "notice by the Court" that he appear in person for trial is a modifiable bond condition and that this condition violates his constitutional right to reasonable bail and due process of law. *See Ex parte Weise*, 55 S.W.3d 617, 619-20 (Tex. Crim. App. 2001); U.S. CONST. amends. V, XIV; TEX. CONST. arts. I, § 11, 13, 15, 19. But, "[t]he *purpose* of pre-trial bail is to *secure the defendant's attendance at trial. . ." Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980) (emphasis added). If we remove the requirement that the defendant must appear in person when ordered by the trial court, then we remove the bond altogether. *See bond*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining 'bond' as "[a]n obligation; a promise."); *bail bond*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining 'bail bond' as "[a] bond given to a court by a criminal defendant's surety to *guarantee* that the defendant will duly appear in court in the future and, if the defendant is jailed, to obtain the defendant's release from confinement…[a]lso termed *appearance bond*…" (emphasis added)); TEX. CODE CRIM. PROC. arts. 17.01, 17.02, 17.08 § 2,5, 17.09 § 1; *Anunobi*, 278 S.W.3d at 427 (Tex. Crim. App. 2008) (citation omitted).

If this court were to treat the very purpose of the bond, securing defendant's in person attendance for hearings and eventually at trial, as a modifiable "bond condition," then every defendant consenting to appear in exchange for release pending trial would have a right to have their request for habeas corpus relief considered in the event they felt a trial court's setting was unreasonable – whether it be virtual, in person, or on a date or location not satisfactory to the

applicant. Such a holding would not only make an extraordinary remedy far too common, but it would unreasonably impose appellate review on the trial court's control of the courtroom and its proceedings. *See* TEX. CODE CRIM. PROC. art. 33.08 ("The district courts and county courts shall have control of their respective dockets as to the settings of criminal cases."); *Jongebloed v. Horkey Oil Co.,* No. 07-03-00052-CV, 2005 WL 839290, at *3 (Tex. App.—Amarillo Apr. 12, 2005, pet. denied) (mem. op.) (per curiam) (acknowledging that an appellate court must be respectful of a trial court's considerable discretion in managing its own docket.).[5] We have not found a case from the Court of Criminal Appeals or our sister courts that has found cognizability in a pretrial application for a writ habeas corpus for a claim requesting the modification of the very purpose of a bond, rather than a condition placed upon it, nor has Marmolejo-Palacios pointed us to any such cases.[6]

Further, the factors considered by courts in determining cognizability weigh against allowing the challenge in this case. *See Weise*, 55 S.W.3d at 619-620. For example, "pretrial habeas is unavailable 'when the resolution of a claim may be aided by the development of a record at trial.'" *Perry*, 483 S.W.3d at 895 (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). For that reason, we previously rejected a pretrial habeas application based on similar facts, finding the claims not cognizable, because of "several important facts [that were] in dispute or

---

[5] We also note that sister courts have refused to consider pretrial applications for writ of habeas corpus relief based on a bond condition where the accused failed to object to the bond condition. *Smith v. State*, 993 S.W.2d 408, 411 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (en banc op. on reh'g); *Ex parte Sotelo*, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd), *disapproved on other grounds by Ex parte Anderer*, 61 S.W.3d 398, 404-05 & n. 33 (Tex. Crim. App. 2001). Here, the very purpose of the bond was his consent that, if released, he would appear when and where required. The fact that the trial court later ordered him to appear in person is not a change of condition or a new condition imposed on bond. It is in line with the promise he made in return for the original bond, to which he consented, upon release.

[6] Notably, very similar facts were raised in *Dominguez Ortiz*, wherein the appellant argued violations of the 5th Amendment, right to be present at trial, and the 6th Amendment, right to a speedy trial. 668 S.W.3d 126. There, we held that such claims were not cognizable on pretrial writ of habeas corpus. *Id.* at 140.

undeveloped," such as the State's role in the defendant's deportation and his requested return. *Dominguez Ortiz*, 668 S.W.3d at 134. We held, in *Dominguez Ortiz*, "this claim is premature because the conditions that could make appellant's restraint unlawful would occur only if trial commences in his absence." *Id.* at 139 (citing *In re Allen*, 366 S.W.3d 696, 701 (Tex. 2012)).

Here, Marmolejo-Palacios contends that he cannot return legally to appear in person at trial because the process for advanced parole, whereby he could be granted permission by the federal government to re-enter the country for the purpose of attending legal proceedings, is expensive and arduous. But, he has failed to demonstrate that he has even applied to re-enter the country,[7] that any application for advanced parole has not been considered, or that one has been rejected. He has not failed to appear and no proceedings have been instituted related to a failure to appear or bond forfeiture. "To be entitled to habeas relief, the applicant must show that the restraint is unlawful at the time the restraint is challenged; it is not enough to show that the restraint may eventually, at some point in the future, become unlawful." *Dominguez Ortiz*, 668 S.W.3d at 139 (quoting *Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *7 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication). Thus, there is a need for the process to continue and for the record to be developed in order for the challenge to be fully considered.

As well, the Texas Court of Criminal Appeals has repeatedly held a claim for pretrial writ is not cognizable, for certain claims, where "even if resolved in favor of the applicant, [it] would not result in immediate release." *Ex parte Couch*, 678 S.W.3d 1, 4 (Tex. Crim. App. 2023) (quoting

---

[7] While Appellant presents as exhibits to his application internet searches purportedly showing that an application for advanced parole could take anywhere from 8 to 18 months, he presents no evidence that he actually has made such application. Notably, we are now two years past the trial court's order for him to appear. The record should be developed to determine what he has done in that timeframe and what action or inaction has been taken on his application and efforts to comply with the trial court's order.

*Weise*, 55 S.W.3d at 619); *see Headrick v. State*, 988 S.W.2d 226, 228-29 (Tex. Crim. App. 1999). If a meritorious application "would not bar prosecution or conviction," pretrial writ is not available. *Couch*, 678 S.W.3d at 3-4 (quoting *Smith*, 178 S.W.3d at 801); *see also Ex parte Smith*, 185 S.W.3d 887, 892 n. 11 (Tex. Crim. App. 2006) (quoting *Weise*, 55 S.W.3d at 619) ("[A] claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release."). Here, Marmolejo-Palacios's requested relief—modification of the trial court's order to allow him to appear virtually until he can negotiate his re-entry into the country—would do the exact opposite of "immediate release," effectively abating his case indefinitely. *See Dominguez Ortiz*, 668 S.W.3d at 139. "Anything short of dismissal would weigh against cognizability because resolution of the claims would not result in appellant's immediate release or 'a right to avoid trial.'" *Id.* at 136 (citing *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017)); *see also Weise*, 55 S.W.3d at 619-20.

Another factor to consider is whether protections "would be effectively undermined if these issues were not cognizable" pretrial. *Weise*, 55 S.W.3d at 619-20. This factor has weighed in favor of cognizability in cases of double jeopardy and challenges to the denial of or conditions imposed upon bail. But, in the double jeopardy context, it is because the protection would be lost if it could only be challenged after the defendant is forced to endure a second trial. *Perry*, 483 S.W.3d at 896. In the context of a bail challenge, such as the outright denial of bail or conditions imposed on bail like the circumstances noted in the cases cited above, it is because the challenge would become moot if postponed for later consideration. *See Ex parte Peyton*, No. PD-0677-16, 2017 WL 1989960, at *1 (Tex. Crim. App. Mar. 22, 2017) (per curiam) (not designated for publication).

That is not the case here, where the issue only ripens as the process continues to a failure to appear and bond forfeiture proceeding.

While the Court of Criminal Appeals has failed to lay out a clear test for cognizability, requiring us to piece together its rulings in a case such as this, where there is no clear precedent, we are guided by its repeated assertion that "[p]retrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Perry*, 483 S.W.3d at 895 (citing *Ellis*, 309 S.W.3d at 79); *see also Smith*, 178 S.W.3d at 801; *see also Smith*, 178 S.W.3d at 801 ("A defendant may use a pretrial writ of habeas corpus only in very limited circumstances"). We have previously held that we will not review a pretrial application for habeas corpus relief on the assertion that prosecution would be "fundamentally unfair under the facts and circumstances" presented. *Dominguez Ortiz*, 668 S.W.3d at 133 (citing *Ex parte Gonzales*, 667 S.W.2d 932, 935 (Tex. App.—Austin 1984, pet. ref'd)).

For these reasons, we hold Marmolejo-Palacios's claim that he is unreasonably restrained by the very act of bonding him out on the promise to appear at whatever time and place as ordered by the trial court to be not cognizable through an application for pretrial writ of habeas corpus. Accordingly, we affirm the trial court's ruling without a review of the merits of the claims presented. *See Paxton*, 493 S.W.3d at 297 (citing *Ellis*, 309 S.W.3d at 79-80); *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.— San Antonio 1998, no pet.) (per curiam).

Adrian A. Spears II, Justice

DO NOT PUBLISH